**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Ann Decker, | No. CV-19-00195-TUC-EJM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 25). Plaintiff filed a Response (Doc. 26), and Defendant did not file a reply.

Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Here, Defendant timely filed the motion on the last date before the 28-day period expired.

While Rule 59(e) does not specify specific grounds for relief,

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have

been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

While "the district court enjoys considerable discretion in granting or denying the motion[,] . . . reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citation omitted). Thus, "[a] motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Id.* at 1255 (internal quotations and citation omitted).

Here, Defendant contends that the Court misapplied the credit as true rule by failing to address inconsistencies and conflicts in the record and failing to evaluate whether the record as a whole creates serious doubt as to whether Plaintiff is in fact disabled. Defendant's motion essentially asks for another bite at the apple, arguing for an alternative interpretation of the evidence and misstating the conclusions in this Court's Order (Doc. 23). The Court's Order fully explained the Court's reasoning for its decision. The Court will not repeat itself again here. Accordingly,

**IT IS HEREBY ORDERED** denying Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 25).

Dated this 19th day of August, 2020.

Eric J. Markovich
United States Magistrate Judge